**DENTONS US LLP**
Erika M. Lopes-McLeman, Esq.
erika.lopes-mcleman@dentons.com
James P. McGann, Esq.
james.mcgann@dentons.com
101 John F. Kennedy Parkway
Short Hills, NJ 07078-2708
Telephone: 973-912-7113
Facsimile: 973-912-7199
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TEANECK BOARD OF EDUCATION, <br><br> Plaintiff, <br><br> v. <br><br> THE TRAVELERS COMPANIES, INC., <br><br> Defendant. | Civil Action No.: <br><br><br> **NOTICE OF REMOVAL OF DEFENDANT THE TRAVELERS COMPANIES, INC.** <br><br><br> Removed from the Superior Court of New Jersey, Bergen County General Equity Division |

TO:   United States District Court - District of New Jersey
      Martin Luther King Building & U.S. Courthouse
      50 Walnut Street
      Newark, New Jersey 07101

With Notice to:

   Clerk of the Superior Court of New Jersey
   Bergen County, General Equity Division
   1 Bergen County Plaza
   Hackensack, New Jersey 07601

   Sean M. Pena, Esq.
   Weiner Law Group LLP
   629 Parsippany Road, P.O. Box 0438
   Parsippany, New Jersey 07054
   *Attorneys for Plaintiff*

1

**PLEASE TAKE NOTICE THAT** on March 7, 2025, based on the following allegations, Defendant The Travelers Companies, Inc. ("Travelers"), did and hereby does remove this action from the Superior Court of New Jersey, Bergen County, Docket No. BER-C-000028-25, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 with full reservation of any and all defenses and objections.

## D.N.J. LOCAL RULE 10.1 STATEMENT

1. The Plaintiff in this action is the Teaneck Board of Education ("the Board"). The Board is a municipal corporation which operates the Teaneck Public School District and has its offices located at One Merrison Street, East Building, 7th Floor, Teaneck, New Jersey and upon information and belief that is the Board's principle place of business. The Board is represented by Sean M. Pena, Esq. of the Weiner Law Group, 629 Parsippany Road, P.O. Box 0438, Parsippany, New Jersey 07054.

2. Travelers is the defendant in this action. Travelers is a Minnesota corporation with its principal executive offices in New York, New York. Travelers address is 485 Lexington Avenue, 8th Floor, New York, New York 10017. Travelers is represented by Erika M. Lopes-McLeman, Esq. and James P. McGann, Esq. of Dentons US LLP, 101 JFK Parkway, 4th Floor, Short Hills, NJ 07078.

## NOTICE OF REMOVAL IS TIMELY

3. On or about February 11, 2025, the Board commenced this action against Travelers in the Superior Court of New Jersey, Bergen County, captioned <u>TEANECK BOARD OF EDUCATION V. THE TRAVELERS COMPANIES, INC.</u>, by way of Verified Complaint to request that Defendant The Travelers Companies, Inc. ("Defendant" or "Travelers") appear and show cause, in a summary proceeding which was assigned Docket No. BER-C-000028-25 (the

"State Court Action"). A true and correct copy of the Verified Complaint and documents filed in support thereof in the State Court Action is attached hereto as **Exhibit A**.

4. On or about February 12, 2025, the State Court granted the Board's application to proceed with its Order to Show Cause via summary proceeding on February 12, 2025. A true and correct copy of the State Court's Order to Show Cause is attached hereto as **Exhibit B**.

5. Travelers received the Complaint in the State Court Action on or about March 4, 2025. A true copy of the Board's mailing to Travelers is attached hereto as **Exhibit C**.

6. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice is filed within thirty (30) days after Travelers' receipt of the Board's Complaint.

7. As of the filing of this Notice, Travelers has not been properly served with the Board's Complaint or the State Court's Order to Show Cause, and reserves all rights to contest service of process.

8. To Travelers' knowledge, no additional process, pleading or order has been filed to date in this action outside of the Complaint and Order to Show Cause, attached as Exhibits A and B respectively.

9. Written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

10. A copy of this Notice of Removal is being served upon counsel for Plaintiff and is being filed contemporaneously with the Clerk of the Superior Court of New Jersey, Bergen County, as required by 28 U.S.C. 1446(d).

11. Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court of New Jersey, Bergen County is located within the district of the United States District Court for the District of New Jersey.

12. As is set forth in detail below, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

13. There is complete diversity of citizenship because Plaintiff and Defendant are citizens of different states.

**Defendant**

14. Defendant Travelers is incorporated in the State of Minnesota, and has its principal executive offices in New York, New York. Pursuant to 28 U.S.C § 1332(c)(1), therefore, Travelers is a citizen of both Minnesota and New York.

**Plaintiff**

15. The Board is a municipal corporation which operates the Teaneck Public School District and has its offices located at One Merrison Street, East Building, 7th Floor, Teaneck, New Jersey and upon information and belief that is the Board's principle place of business. Pursuant to 28 U.S.C § 1332(c)(1), therefore, the Board is a citizen of New Jersey.

## AMOUNT IN CONTROVERSY

16. The second requirement of traditional diversity jurisdiction is that the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). When the Plaintiff's complaint, as here, "does not include a specific monetary demand, the removing defendant need only 'plausibl[y] alleg[e]' the amount in controversy." *Yucis v. Sears Outlet Stores, LLC*, 813 Fed. App'x 780, 782 n.2 (3d Cir. 2020), quoting, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

17. Further, although declaratory judgment actions do not directly involve the award of monetary damages, it is well established that the amount in controversy in such actions is measured by the value of the object of the litigation. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 398 (3d Cir. 2016); *see also* 14AA Charles Alan Wright et al., Federal Practice & Procedure § 3708 (4th ed. 2016) ("With regard to actions seeking declaratory relief, the amount in controversy is the value of the right or the viability of the legal claim to be declared, such as a right to indemnification or a duty to defend.").

18. In this action, Plaintiff seeks a declaratory judgment that it is entitled to defense costs and indemnity with regard to an underlying lawsuit. *See* Exhibit A.

19. Thus, the value of the object of the litigation is the potential value of defense and indemnity sought by the Plaintiff. Travelers has a good faith belief that Plaintiff's claims for defense and indemnity exceed the amount in controversy threshold.

20. Accordingly, Travelers plausibly pleads here that Plaintiff has an amount in controversy of more than $75,000.

**WHEREFORE**, Travelers respectfully requests that the State Court Action be removed from the Superior Court of New Jersey, Bergen County to the United States District Court for the District of New Jersey.

DENTONS US LLP

By: */s/ Erika M. Lopes-McLeman*
Erika M. Lopes-McLeman, Esq.
erika.lopes-mcleman@dentons.com

*Attorney for Defendant*

Dated: Short Hills, New Jersey
         March 7, 2025