EXHIBIT A

**Sean M. Pena, Esq. (ID# 0024072009)**
**WEINER LAW GROUP LLP**
**629 Parsippany Road**
**Parsippany, New Jersey 07054**
**(973) 403-1100**
**Attorneys for Plaintiff, Teaneck Board of Education**
5223897

| | |
|---|---|
| TEANECK BOARD OF EDUCATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE TRAVELERS COMPANIES, INC.,<br><br>    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION:<br>BERGEN COUNTY<br>DOCKET NO.:<br><br><br>**VERIFIED COMPLAINT** |

Declaratory Plaintiff, Teaneck Board of Education, County of Bergen, State of New Jersey (hereinafter, "Teaneck" or the "TBOE"), with principal offices located at 818 Teaneck Road, Teaneck New Jersey, 07666, by way of this Declaratory Judgment Action ("DJ Action") against Defendant, The Travelers Companies (hereinafter "Travelers"), alleges as follows:

## INTRODUCTION

1.      The action seeks a declaratory judgment from this Court to determine the rights and obligations of the parties under a General Liability Policy Number 529JG7064, covering the period of May 14, 1975 to May 14, 1978.

2.      Defendant, Travelers has acknowledged the Policy's existence.

3.      Travelers wrongfully denied coverage, defense, and indemnity under the Policy for a claim currently pending from that policy period.

4.      The Plaintiff seeks a declaration from the Court that the Policy provides coverage for the alleged losses in the claims pending against Teaneck.

## PARTIES

5.      The Teaneck Board of Education is a body politic that administrates the public school of Teaneck.

6.      The Defendant Travelers Insurance is a publicly traded insurance company and the second largest writer of insurance in the United States.

## BACKGROUND

7.       On or about August 26, 2021, Plaintiff Donald LaClair filed a Complaint against the Teaneck Board of Education under Docket No. BER-L-005692-21.

8.      LaClair alleges claims under the New Jersey Child Sexual Abuse Act against the TBOE and other entities.

9.      Originally, TBOE could not find any pertinent policy documents that afforded coverage from the time the alleged abuse occurred against LaClair.

10.     After months of searching and the diligent searching of physical archives policy documents were uncovered pertinent to the claims alleged by LaClair.

11.     TBOE uncovered a policy, with Policy No. 529JG7064 which provided coverage for the policy period of May 14, 1975 to May 14,1978.

12.     The policy period falls squarely within the time range of the allegations from Donald LaClair.

13.     The policy provided coverage is identified as a "broad form insuring against negligent acts, errors, omissions or breachers of duty provided to all employees and members of the Board of Education."

14.     Upon discovery of this policy, on or about October 9, 2024, TBOE wrote to Travelers and demanded coverage under this policy. (See October 9, 2024 letter annexed hereto as **Exhibit A**).

15.     On or about January 7, 2025, Travelers wrote to the TBOE and denied coverage. (See January 7, 2025 letter from Travelers annexed hereto as **Exhibit B**).

16.     On or about January 21, 2025, TBOE reiterated that coverage was required. (See January 21, 2025 annexed hereto as **Exhibit C**).

17.     To date, no response has been provided.

## COUNT I

18.     TBOE repeats and realleges the allegations contained in the prior paragraphs of the Complaint as if set forth at length herein.

19.     The Travelers policy provides coverage for the LaClair Action.

20.     Travelers has a duty to defend and indemnify the TBOE against all claims made against the TBOE in the LaClair action.

**WHEREFORE**, the TBOE seeks a declaratory judgment for the following relief:

    a.   Court enter judgment in its favor declaring that Travelers has a duty to defend and indemnify the TBOE in the LaClair action.

    b.   Costs and attorneys fees associated with the filing of this action.

    c.   Declaring such other relief that the Court deems just and proper.

## COUNT II
## BREACH OF CONTRACT

21.     The TBOE repeats and realleges each and every allegation set forth in the previous paragraphs of this Declaratory Judgment Action as if set forth herein in full.

22.     The TBOE entered into an insurance contract with Travelers or a previous entity that has merged or is otherwise associated with Travelers.

23.     Travelers agreed to provide defense and indemnity for all covered claims under the policy period referenced herein.

24.     Travelers has breached the insurance contract by refusing to defend and indemnify the TBOE for covered claims under the insurance policy.

**WHEREFORE**, the TBOE seeks a declaratory judgment for the following relief:

   a.   Court enter judgment in its favor declaring that Travelers has a duty to defend and indemnify the TBOE in the LaClair action.

   b.   Costs and attorneys fees associated with the filing of this action.

   c.   Declaring such other relief that the Court deems just and proper.

<u>**DEMAND FOR A JURY TRIAL**</u>

Plaintiff, Teaneck Board of Education demands a trial by jury as to all issues properly before the Court.

<u>**DESIGNATION OF TRIAL COUNSEL**</u>

The Court is hereby advised that Sean M. Pena, Esq. is hereby designated as trial counsel.

**WEINER LAW GROUP LLP**
Attorneys for Declaratory Plaintiff, Teaneck
Board of Education

By: /s/ Sean M. Pena
         Sean M. Pena

Dated: February 11, 2025

4

## CERTIFICATION PURSUANT TO R. 4:5-1

**Sean M. Pena Esq.**, of full age, hereby certifies as follows:

      1.    I am a member of the Firm of Weiner Law Group, LLP, attorneys for Plaintiff,

Teaneck Board of Education.

      2.    To the best of my knowledge, there is no other action pending in any court or any

pending arbitration proceeding of which the matter in controversy herein is the subject and no such

other action or arbitration proceeding is contemplated. To the best of my knowledge, there are no

other parties who should be joined in this action.

      3.    The within Complaint was filed and served within the time prescribed by the Rules

of Court.

      I hereby certify that the foregoing statements made by me are true. I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.

 

                              **WEINER LAW GROUP LLP**
                              Attorneys for Declaratory Plaintiff, Teaneck
                              Board of Education

                              By: ___/s/ Sean M. Pena___
                                    Sean M. Pena, Esq.

Dated: February 11, 2025

**CERTIFICATION PURSUANT TO R. 1:38-7(b)**

**Sean M. Pena, Esq.**, of full age, hereby certifies as follows:

1. I am a member of the Firm of Weiner Law Group, LLP, attorneys for plaintiff, Teaneck Board of Education.

2. I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

WEINER LAW GROUP LLP
Attorneys for Declaratory Plaintiff, Teaneck
Board of Education

By: /s/ Sean M. Pena
     Sean M. Pena

Dated: February 11, 2025

**Sean M. Pena, Esq. (ID# 0024072009)**
**WEINER LAW GROUP LLP**
**629 Parsippany Road**
**Parsippany, New Jersey 07054**
**(973) 403-1100**
**Attorneys for Plaintiff, Teaneck Board of Education**
5229125

| | |
|---|---|
| TEANECK BOARD OF EDUCATION,<br><br>Plaintiff,<br><br>v.<br><br>THE TRAVELERS COMPANIES, INC.,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION:<br>BERGEN COUNTY<br>DOCKET NO.:<br><br>*Civil Action*<br><br>**ORDER TO SHOW CAUSE**<br>**FOR DECLARATORY JUDGMENT** |

This matter being brough before to the court by Sean M. Pena, attorney for plaintiff, Teaneck Board of Education, seeking relief by way of summary action pursuant to R. 4:67-1(a), based upon the facts set forth in the verified complaint filed herewith; and the court having determined that this matter may be commenced by order to show cause as a summary proceeding pursuant to N.J. 2A-16-52 and for good cause shown.

It is on the _____ day of _____, 2025

**ORDERED THAT** defendant The Travelers Companies, appear and show cause on the _____ day of _____, 2025, before the Superior Court at the Bergen County Courthouse in Hackensack, New Jersey at _____o'clock in the forenoon or as soon thereafter as counsel can be heard, on why judgment should not be entered for:

A.  Ordering Traveler's to provide defense and indemnity under Policy Number 529JG7064

B.  Granting such other relief as the court deems equitable and just. _____

And it is **further ORDERED that:**

1.    A copy of this order to show cause, verified complaint and all supporting affidavits or certifications submitted in support of this application be served upon the defendant personally within two (2) days of the date hereof, in accordance with R. 4:4-3 and R. 4:4-4, this being original process.

2.    The plaintiff must file with the court its proof of service of the pleadings on the defendant no later than three (3) days before the return date.

3.    Defendant shall file and service a written answer on the return date to this order to show cause and the relief requested in the verified complaint and proof of service of same by _____.  The answer must be filed with the Clerk of the Superior Court in the county listed above and a copy of the papers must be sent directly to the chambers of Judge _____.

4.    The plaintiff must file and serve any written reply to the defendant's order to show cause opposition by _____.  The reply papers must be filed with the Clerk of the Superior Court in the county listed above and a copy of the reply papers must be sent directly to the chambers of Judge _____.

5.    If the defendant does not file and serve opposition to this order to show cause, the application will be decided on the papers of the return date and relief may be granted by default, provided that the plaintiff files a proof of service and a proposed form of order at least three (3) days prior to the return date.

6.    If the plaintiff has not already done so, a proposed form of order addressing the relief sought on the return date (along with a self-addressed return envelope with return address and postage) must be submitted to the court no later than three (3) days before the return date.

7.    Defendant takes notice that the plaintiff has filed a lawsuit against you in the Superior Court of New Jersey.  The verified complaint attached to this order to show cause states the basis

of the lawsuit.  If you dispute this complaint, you or your attorney must file a written answer on the return date to the order to show cause and proof of service before the return date of the order to show cause.

These documents must be filed with the Clerk of the Superior Court in the county listed above.  A directory of these offices is available in the Civil Division Management Office in the county listed above and online at njcourts.gov.

Include a $50.00 filing fee payable to the "Treasurer State of New Jersey."  You must also send a copy of your answer to the plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and service your answer with the fee or judgment may be entered against you be default.

8.    If you cannot afford an attorney, you may call the Legal Services office in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have any attorney and are not eligible for free legal assistance you may obtain a referral to any attorney by calling one of the Lawyers Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at njcourts.gov.

9.    The Court will entertain argument, but not testimony, on the return date of the order to show cause, unless the court and parties are advised to the contrary no later than _____ days before the return date.

_____

, J.S.C.

Sean M. Pena, Esq. (ID# 0024072009)
**WEINER LAW GROUP LLP**
**629 Parsippany Road**
**Parsippany, New Jersey 07054**
**(973) 403-1100**
**Attorneys for Plaintiff, Teaneck Board of Education**
5228253

| | |
|---|---|
| TEANECK BOARD OF EDUCATION,<br><br>                    Plaintiff,<br><br>v.<br><br>THE TRAVELERS COMPANIES, INC.,<br><br>                    Defendant. | **SUPERIOR COURT OF NEW JERSEY**<br>**CHANCERY DIVISION:**<br>**BERGEN COUNTY**<br>**DOCKET NO.:**<br><br><br>**ORDER DECLARING COVERAGE FOR**<br>**THE TEANECK BOARD OF EDUCATION**<br>**POLICY NUMBER 529JG7064** |

**THIS MATTER** having been presented to the Court by Defendant, Teaneck Board of Education (the "Board"), by its Counsel, Weiner Law Group LLP (Sean M. Pena, Esq. appearing), and on notice to and in the presence of all Counsel in this matter, and the Court having reviewed the papers submitted by Counsel, and having heard oral argument if any, and for other good cause shown,

**IT IS** on this _____ day of _____ 2025,

**ORDERED** that Defendant, Travelers Companies shall provide defense and indemnity under Policy number to the TBOE for Claim No. F2R6799 as identified by Travelers under Policy Number 529JG7064; and it is further

**ORDERED** that a copy of this Order shall be deemed served on all parties upon being entered in eCourts.

_____
                                                        J.S.C.

_____ Opposed

_____ Unopposed

Sean M. Pena, Esq. (ID# 0024072009)
**WEINER LAW GROUP LLP**
**629 Parsippany Road**
**Parsippany, New Jersey 07054**
**(973) 403-1100**
**Attorneys for Plaintiff, Teaneck Board of Education**
5226986

| | |
|---|---|
| TEANECK BOARD OF EDUCATION,<br><br>                    Plaintiff,<br><br>v.<br><br>THE TRAVELERS COMPANIES, INC.,<br><br>                    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION:<br>BERGEN COUNTY<br>DOCKET NO.:<br><br><br>**CERTIFICATION IN SUPPORT OF<br>VERIFIED DECLARATORY JUDGMENT<br>ACTION** |

I, Sean M. Pena, of full age, hereby certify as follows:

1.  I am an Attorney at Law in the State of New Jersey and a Member of the law firm of Weiner Law Group LLP, attorneys for Defendant Teaneck Board of Education (the "TBOE").

2.  I have been authorized to file this action on behalf of the TBOE.

3.  I have personal knowledge of all facts contained in the Declaratory Judgement Action.

4.  I personally searched physical archives and located policy documents.

5.  I have communicated with Traveler's Companies and received the correspondence referenced in the Verified Complaint.

6.  Attached as Exhibit A is a true and accurate copy of this office's October 9, 2024 correspondence to Travelers.

7.  Attached as Exhibit B is a true and accurate copy of correspondence from Travelers dated January 7, 2025.

8.   Attached as Exhibit C is a true and accurate copy of this office's correspondence to Travelers dated January 21, 2025.

I certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are found to be willfully false, I am subject to punishment.

WEINER LAW GROUP LLP
Attorneys for Plaintiff,
Teaneck Board of Education

By:   /s/ Sean M. Pena
      Sean M. Pena, Esq.

Dated:  February 11, 2025

# EXHIBIT A

# WEINER LAW GROUP LLP

629 Parsippany Road
P. O. Box 0438
Parsippany, New Jersey  07054
(P) 973-403-1100      (F) 973-403-0010
www.weiner.law

**Sean M. Pena**                                                    **spena@weiner.law**
**Member of the Firm**

October 9, 2024

**Via Regular & Certified Mail R.R.R. 7016 2070 0001 1458 8602**
Travelers CL Remittance Center
P.O. Box 660317
Dallas, Texas 75266-0317

**Via Regular & Certified Mail R.R.R. 7016 2070 0001 1458 8619**
Travelers Personal Insurance
P.O. Box 660307
Dallas, Texas 75266-0307

      **Re:**    **Donald LaClair v. Teaneck Board of Education, et al.**
              **Docket No. BER-L-5692-21**
              **Our File No.:  TEA-005**

To Whom It May Concern:

      Our office represents defendant Teaneck Board of Education.  I hope this letter finds you well. I am writing to formally submit a claim under our liability insurance policy, St. Paul Fire & Marine Insurance Company, Policy No. 529JG7064, due to an incident that occurred between 1974 to 1976.

      The Plaintiff, as detailed in the Complaint annexed hereto, alleges a pattern of abuse on behalf of a Teaneck Board of Education employee.  The Plaintiff alleges severe and permanent damage. We diligently searched and uncovered the above referenced policy that provides coverage.  Upon locating coverage, we immediately tendered this claim.

      Thank you for your prompt attention to my claim. I look forward to your response.

              Warm regards,

              WEINER LAW GROUP LLP

              By:    *Sean M. Pena*
                     Sean M. Pena
                     A Member of the Firm

SMP:lh
Enclosure
5113874 Ins. Letter TEA-005

Atlantic City ♦ Bayonne ♦ Bridgewater ♦ Hoboken ♦ New York City ♦ Parsippany ♦ Red Bank ♦ Vineland

# EXHIBIT B



Brice Bender, SRG
Sr. Technical Specialist
FL Company Employee Adjuster

(443) 353-3507
bbender2@travelers.com

PO Box 2902
Hartford, CT 06104

January 7, 2025

Sean Pena
Weiner Law Group
629 Parsippany Road
Parsippany, NJ 07054
spena@weiner.law

Re:   **Policyholder:**       **Teaneck Board of Education**

      **Lawsuits:**           **Donald LaClair v. Teaneck Board of Education (d/b/a Teaneck
                              Public Schools and d/b/a Benjamin Franklin Middle School) et
                              al. In the New Jersey Superior Court for Bergen County; Docket
                              Number: BER-L-5692-21 (the "Lawsuit")**

      **Claim Number:**       F2R6799

Dear Mr. Pena:

       We have reviewed the allegations in the Lawsuit which were commenced by Plaintiff
against Teaneck Board of Education. Based upon the currently available information and as
explained further below, we have determined that we have no obligation to defend or indemnify
Teaneck Board of Education with respect to the Lawsuit.

       According to the Lawsuit, it is alleged that Plaintiff was sexually abused at various times
between 1974 and 1976. Our recitation of the allegations in the Lawsuit is not meant to imply that
Travelers accepts these allegations as truthful or factual, but rather is intended solely to provide a
context for the coverage evaluation at this stage of the proceeding. We understand that Bergenfield
Board of Education denies the allegations made by the Plaintiff in the Lawsuit.

       Teaneck Board of Education provided Travelers with an internal financial document that
lists a "Schedule of Insurance" that includes a St. Paul Fire & Marine Insurance Company
("Travelers") Policy No. 529JG7064, which Teaneck Board of Education believes could possibly
have been issued to it for the period of May 14, 1975 – May 14, 1978 (the "Alleged Policy").

       We have conducted a search of our records and found no potentially applicable policies
issued to the Teaneck Board of Education during the years of abuse alleged in the Lawsuit. We
were also unable to recover any information corresponding to the Alleged Policy from our records.
If Teaneck Board of Education or its broker has retained copies of the Alleged Policy or any
documentation referencing their existence, issuance, terms or conditions, please forward such

policy copies or documentation to me immediately for evaluation. As we are not able to confirm the existence, issuance, terms and/or conditions of this Alleged Policy, we therefore are unable to either comment upon any policy language that may or may not be applicable to the Lawsuit. Travelers reserves all rights concerning lost, alleged, missing and/or incomplete policies, including, but not limited to, those pertaining to their existence, issuance, terms, conditions and/or completeness. Accordingly, Travelers declines coverage for the Lawsuit (defense and indemnification) to the Teaneck Board of Education on the basis that it was not a Travelers insured at any time pertinent to the allegations of the Lawsuit.

Our investigation has been conducted pursuant to a complete reservation of rights and should not be construed as creating an expectation of coverage under any other policies of insurance which may have been issued by Travelers to Teaneck Board of Education. Travelers reserves any and all rights with respect to any potential policies issued to Teaneck Board of Education, including but not limited to, any and all rights with respect to the existence, authenticity, terms, conditions, effect, and completeness of any policies or whether any policies were issued to Teaneck Board of Education. If, in the future, we recover copies of any policies issued to Teaneck Board of Education from our own sources, the actual terms and conditions of any policy(ies) will define the extent of Travelers obligations, if any, with respect to this matter and will supersede anything we may do or any position we may take on an interim basis.

This correspondence is not intended to be, nor shall it be construed as, an exhaustive listing of policy terms, conditions, or exclusions which might preclude coverage for the Lawsuit. Travelers reserves all rights, including the right to supplement this declination of coverage should facts and circumstances indicate the applicability of additional grounds to deny coverage for the Lawsuit.

Sincerely,

Brice Bender
Sr. Technical Specialist

# EXHIBIT C

# WEINER LAW GROUP LLP

629 Parsippany Road
P. O. Box 0438
Parsippany, New Jersey 07054
(P) 973-403-1100      (F) 973-403-0010
www.weiner.law

**Sean M. Pena**                                                    **spena@weiner.law**
**Member of the Firm**

January 21, 2025

**Via Email:  bbender2@travelers.com**
Brice Bender, SRG
Senior Technical Specialist
Travelers
P.O. Box 2902
Harford, CT 06104

> **Re:  Donald LaClair v. Teaneck Board of Education**
> **Docket No. BER-L-5692-21**
> **Policy Holder:  Teaneck Board of Education**
> **Claim No. F2R6799**

Dear Mr. Bender:

We acknowledge receipt of your correspondence dated January 7, 2025, regarding the claim involving Teaneck Board of Education in which you denied both defense and indemnity for the claims addressed herein.

As you are aware, the duty to defend and indemnify is broad and state public policy in New Jersey is to provide coverage for claims.  As such, Travelers has an obligation to defend and indemnify Teaneck Board of Education in connection with the referenced lawsuit.  Policy Number 529JG7064, covering the period of May 14, 1975, to May 14, 1978, was provided to Travelers as evidence of coverage. Moreover, Travelers has acknowledged the policy's existence in its records. The referenced policy provides $2,000,000 liability coverage for the Teaneck Board of Education. Travelers is required to act in good faith to defend and indemnify under the terms of the policy.

Should Travelers refuse to honor its obligation under the policy and confirm same by the end of January, we will proceed to file an Order to Show Cause and a Declaratory Judgement action the first week of February to compel Travelers to provide coverage as required.

Atlantic City ♦ Bayonne ♦ Bridgewater ♦ Hoboken ♦ New York City ♦ Parsippany ♦ Red Bank ♦ Vineland

Brice Bender, SRG                                                          January 21, 2025
Re:    **Donald LaClair v. Teaneck Board of Education**                        Page 2
**Docket No. BER-L-5692-21**
**Policy Holder:  Teaneck Board of Education**
**Claim No. F2R6799**


     We urge you to reconsider your position and confirm Travelers' defense and indemnification obligations without further delay.

                      Very truly yours,

                      WEINER LAW GROUP LLP

            By:   *s/ Sean M. Pena*
                      Sean M. Pena
                      A Member of the Firm

SMP:lh
5208223