**DENTONS US LLP**
Erika M. Lopes-McLeman, Esq.
erika.lopes-mcleman@dentons.com
James P. McGann, Esq.
james.mcgann@dentons.com
101 John F. Kennedy Parkway
Short Hills, NJ 07078-2708
Telephone: 973-912-7100
Facsimile: 973-912-7199
*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TEANECK BOARD OF EDUCATION,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br><br><br><br>THE TRAVELERS COMPANIES, INC.,<br><br>　　　　　　　　　　Defendant. | Civil Action No.: 2:25-cv-01737<br><br><br>**STIPULATION AND PROPOSED ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND HARD COPY DOCUMENTS** |

**STIPULATION AND PROPOSED ORDER REGARDING DISCOVERY OF**
**ELECTRONICALLY STORED INFORMATION AND HARD COPY DOCUMENTS**

　　　　Plaintiff Teaneck Board of Education ("Teaneck") and Defendant The Travelers Companies, Inc. ("Travelers") (collectively, the "Parties"), by and through their respective undersigned counsel, hereby stipulate and agree to the form and entry of this ESI Order pursuant to Federal Rules of Civil Procedure 26(c) and 34 and Local Civil Rule 26.1, governing the discovery of Electronically Stored Information ("ESI") in this matter.

**INTRODUCTION**

　　　　1.　　　　This Protocol governs the preservation, search, and production of ESI.

　　　　2.　　　　The Parties shall take reasonable steps to preserve potentially relevant ESI consistent with Federal Rule of Civil Procedure 26 and Local Civil Rule 26.1(d).  The parties reserve all objections regarding scope, burden, or accessibility.

I. **DEFINITIONS**

   A. **"ESI"** or **"Electronically Stored Information"** means and refers to computer-generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices or media. ESI includes but is not limited to email, word processing documents, spreadsheets, electronic slide presentations, databases, and other reasonably accessible electronically stored information relevant to the claims or defenses of any party subject to discovery pursuant to Federal Rule of Civil Procedure 26.

   B. **"Documents"** carries the same definition as in Federal Rule of Civil Procedure 34.

   C. **"Native Format"** means ESI in the electronic format of the application in which such ESI is normally created, viewed and/or modified.

   D. **"Metadata"** means information associated with a native file that is not ordinarily viewable on the face of the file but can be extracted from the file.

   E. **"Static Image"** means or refers to a representation of ESI produced by converting a native file into a standard image format capable of being viewed and printed on standard computer systems. Examples of a Static Image are files in Tagged Image File Format (TIFF) or Portable Document Format (PDF).

   F. **"Parties"** means or refers to the named plaintiffs and defendants in the above-captioned matter, as well as any later added plaintiffs and defendants. "Parties" may also include persons or entities who are neither plaintiffs nor defendants in this action but who are producing documents and/or ESI pursuant to a subpoena pursuant to Federal Rule of Civil Procedure 45.

   G. **"Requesting Party"** means a Party propounding a discovery request.

   H. **"Responding Party"** means a Party responding to a discovery request.

II. **GENERAL PROVISIONS**

   A. This Protocol governs ESI discovery and hard copy document production in this action. It does not limit a Party's right to seek or object to discovery as provided by the Federal Rules of Civil Procedure or the Local Rules. Any Party may seek to modify or supplement these procedures for good cause.

   B. Each Party represents that it has taken or will take reasonable steps to preserve relevant ESI and will meet and confer if disputes arise about the scope or methods of preservation.

   C. The matters set forth herein are without prejudice to the right of a party to request additional information about, or production of, additional ESI, or object to such requests for information or production on grounds related to the particular request. The parties shall

confer in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost, and may seek assistance from the Court to resolve such disputes if agreement cannot be reached.

D. The parties shall make reasonable efforts to comply with, and resolve any differences concerning compliance with, this protocol. If a responding party cannot comply with any aspect of this protocol, such party shall inform the requesting party as to why compliance with the protocol is unreasonable or not possible. No party may seek relief from the Court concerning compliance with this protocol until it has conferred with the other party to this action.

E. All productions of ESI are subject to any Discovery Confidentiality Order entered in this action, consistent with Federal Rule of Civil Procedure 26(c) and Local Civil Rule 5.3.

### III.     IDENTIFICATION OF RESPONSIVE ESI

#### A. Search for Discoverable ESI.

Documents and ESI which are neither privileged nor otherwise protected against disclosure shall be timely produced in response to a reasonable request for the production of such documents, and the Producing Party shall conduct a reasonable and good faith search for responsive ESI.

#### B. Reasonably Accessible ESI.

Absent a further order of the Court, a Producing Party shall not have an obligation to search or produce from sources of ESI that it in good faith identifies as not reasonably accessible because of undue burden or cost in accordance with Federal Rule of Civil Procedure 26(b)(2)(B).

#### C. Date Range.

If the Parties determine it is necessary, they will meet and confer and reach agreement on an appropriate date range for searching potentially responsive ESI, to the extent that the request in question does not contain a date range. To the extent that discovery reveals that the appropriate date range for searching potentially responsive ESI should be changed, the Parties agree to meet and confer and reach agreement on the appropriate date range.

#### D. Preservation.

Each Party represents that it has taken or will take reasonable steps to preserve hard copy documents and reasonably accessible ESI related to this Action. These steps include, but are not limited to, providing written notice, verbal notice, and/or otherwise confirming with, the Custodians who are under their control that such information should be and/or has been preserved.

### E. Search Terms.

If the Parties determine it is necessary, they will meet and confer and reach agreement on appropriate search terms for searching potentially responsive ESI, to the extent that the request in question does not contain search terms. To the extent that discovery reveals that the appropriate search terms for searching potentially responsive ESI should be changed, the Parties agree to meet and confer and reach agreement on the appropriate search terms.

### F. No Responsiveness Presumption.

Subject to the provisions above, with respect to ESI: (a) a party's obligation to conduct a reasonable search for documents in response to propounded discovery requests shall be deemed to be satisfied by reviewing documents that are captured by utilizing the methodology provided for in this protocol; and (b) a party shall have no obligation to produce any ESI other than that which is identified by the methodology contained in this protocol and which is identified as non-privileged and responsive to a discovery request. The fact that a document is captured by a search pursuant to this protocol does not mean that such document is responsive to a discovery request or otherwise relevant to this litigation. Discovery requests and the parties' responses thereto shall govern the scope of documents to be produced, subject to the parties' objections and any agreements reached in the parties' meet-and-confer process.

## IV. PRODUCTION OF ESI

### A. General Document Production Format.

The following provisions shall generally govern the production format and procedure for ESI other than spreadsheets, text messages, databases, and other special file types, as provided in Section IV.B, below.

#### 1. Format.

ESI that can be readily converted to TIFF documents will be produced as TIFF documents pursuant to this order except as otherwise provided herein. Where agreed, ESI will be produced in native format with Metadata intact, except where this is not practicable. When this occurs, the producing party will promptly notify the requesting party of the issue, and the parties will attempt to agree upon an alternative format that is acceptable to the requesting party.

Each TIFF will be assigned a Bates number that: (1) is unique across the entire document production; (2) maintains a constant length across the entire production padded to the same number of characters; (3) contains no special characters or embedded spaces; and (4) is sequential within a given document. If a Bates number or set of Bates numbers is skipped in a production, the Producing Party will so note in a cover letter or production log accompanying the production. Each TIFF image file shall be named with the Bates Number corresponding to the number assigned to the document page contained in that image. In the event a party determines that it is unable to produce in the format specified in this section without incurring unreasonable expense, the Parties agree to meet and confer to agree upon an alternative format for production.

**2.      Metadata.**

To the extent that any of the following metadata fields associated with all applicable documents are available, the Producing Party will produce those metadata fields to the Requesting Party:

| Field | Description |
| --- | --- |
| Bates Begin | The Bates label of the first page of the document. |
| Bates End | The Bates label of the last page of the document. |
| Attach_Begin | The Bates label of the first page of a family of documents (e.g., email and attachment). |
| Attach_End | The Bates label of the last page of a family of documents (e.g., email and attachment). |
| Attach Count | The number of attachments to an email |
| File Name | The filename of an attachment or stand-alone efile. |
| Source | Producing party's name. |
| Custodian | The custodian(s) of the document. |
| Page Count | The number of pages of the document. |
| Filename Extension | The original filename extension suffix (e.g., .doc,.pps., .jpeg, .txt, .xls). |
| Subject | The subject of an email. |
| Sent Date | For email, the sent date of the message. |
| Sent Time | For email, the sent time of the message. |
| Receive Date | For email, the receive date of the message. |
| Receive Time | For email, the receive time of the message. |
| Create_Date | For efiles or attachments, the document's creation date or operating system creation date. |

If any metadata described in this section does not exist, is not reasonably accessible, is not reasonably available, or would be unduly burdensome to collect or provide, those specific fields should be left blank, and nothing in this ESI Order shall require any party to extract, capture, collect or produce such metadata. The Producing Party is not obligated to produce any other forms of metadata. However, if good cause exists, the Requesting Party may request production of additional metadata by providing (1) a list of the Bates numbers of documents requested to be produced with additional metadata; (2) a list of the types of metadata sought; and (3) an explanation of the need for production of the requested metadata. The Producing Party

shall not unreasonably deny such requests if the Requesting Party has demonstrated good cause, but need not make such production until the parties reach agreement regarding apportionment of any additional costs associated with the production of such additional metadata.

### 3.     Time Zone.

When processing ESI, Universal Coordinated Time (UTC) should be selected as the time zone and the producing party will note the time zone used in its processing. To the extent that a party has already processed ESI using a different time zone, the producing party will note the time zone used in its processing. Otherwise, Parties shall consistently produce all ESI processed using the same time zone. When a metadata field includes a date or time, the date or time shall be provided in the following format in separate fields: mm/dd/yyyy or HH:mm:ss.

### 4.     Appearance.

Each document's electronic image shall convey the same information and image as the original document except for redactions for any privilege or for the confidential or private and sensitive identifying information of individuals. Documents shall appear with any such redactions, revisions and/or comments visible and printed. Documents that present imaging or formatting problems shall be promptly identified and the Parties agree to meet and confer in an attempt to resolve the problems.

### 5.     Unitization.

If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as it existed in the original file of the Producing Party or shall be documented in a load file or otherwise electronically tracked.

### 6.     Color.

Documents containing color will be produced in black and white, except for relevant product labels and print advertisements, which shall be produced in color. For all other documents (which are produced in black and white), the Requesting Party may request production of such documents in color by providing: (1) a list of the Bates numbers of documents requested to be produced in color format and (2) an explanation of the need for production in color format. The Producing Party shall not unreasonably deny such requests if the Requesting Party has demonstrated good cause, but need not make such production until the Parties reach agreement regarding apportionment of any additional costs associated with the production of the documents in color.

### 7.     Exception Files.

Files that cannot be produced or imaged due to technical difficulties shall be identified with a placeholder image that states the reason why the file was not converted. Common exception files include, without limitation, corruption, password protection, digital rights management, or proprietary software associated to the file.

### B.     Production Format For Information From Spreadsheets, Databases and Other File Types.

The following provisions shall generally govern the production format and procedure for spreadsheets, databases, and other special file types:

#### 1.     Spreadsheets.

Microsoft Excel files, .csv files and other similar spreadsheet files that are not easily converted to image format, shall be produced in native format. For every such document produced in native format, the producing party shall provide a placeholder .tif image and cross-reference file containing the Bates Number of that native document and a relative path and file name of that native document.

#### 2.     Databases.

If responding to a discovery request requires production of ESI contained in a database, the Producing Party may comply with the discovery request by querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic format (for example, in Excel or .csv format). The first line of each such file will, to the extent possible, show the column headers for each field of data included. The Parties agree to meet and confer as needed to agree upon the sets of data or fields to be included and to generate a report in a reasonably useable format, or to discuss producing the database as a Native File. Upon review of the report(s), the Requesting Party may make reasonable requests for additional information to explain the database schema, codes, abbreviations, and different report formats or to request specific data from identified fields. The parties reserve all rights to object, including but not limited to objections for relevance, undue burden, and/ or inaccessibility.

#### 3.     Special File Types.

The parties will produce the following Special File Types in native format: audio files, video files, and Microsoft Power Point and similar presentation documents.

#### 4.     Requests for Other Native Files.

Each party will retain native electronic source documents for all electronically stored information produced in this litigation, and to use reasonable measures to maintain the original native source documents in a manner so as to preserve the metadata associated with these electronic materials as it existed at the time of the original production in the event the review of such metadata becomes necessary. Notwithstanding this requirement to retain native electronic source documents, a Producing Party need not produce documents in native format except as specifically set forth above. If good cause exists for the requesting party to request production of certain ESI in native format, the Requesting Party may request production in native format by providing: (1) a list of the Bates numbers of documents it requests to be produced in native format; and (2) an explanation of the need for reviewing such documents in native format. The Producing Party shall not unreasonably deny such requests if the Requesting

Party has demonstrated good cause for receiving the ESI in native format. Each file produced in response to such requests will be produced to the extent possible consistent with the parameters herein.

### 5. Redaction of Native Documents

If files required to be produced in native format contain both discoverable information and non-discoverable confidential information that would otherwise be redacted for production, the Producing Party may either apply the redactions directly on the native file itself or produce TIFF image files with burned-in redactions in lieu of a Native File and TIFF placeholder image, as follows:

   a. A Party modifying an original file as provided herein shall in no way remove or alter formatting and contextual information (e.g. headers, column headings, etc.), in creating the modified file for production and must retain a copy of the original, unmodified file in its native format. Documents that are to be produced in a native format, but that require redactions, shall be produced along with a placeholder TIFF image that is bates-stamped and bears the word "REDACTED".

   b. A Party producing TIFF images that contain redacted text shall make reasonable efforts to ensure that Native Files, prior to conversion to TIFF, reveal hidden data from redacted Native Files and will be formatted so as to be readable (for example, column widths in Excel files should be formatted so that numbers do not appear as "# ".) Under these circumstances, all single-page TIFF images shall include row and column headings.

   c. The Parties shall identify, at the time of production, the beginning document production number for each document modified and/or redacted under this paragraph, and shall identify in the privilege log the nature and reason for the redaction and/or modification. This Order does not abrogate or otherwise limit any Party's right to challenge the propriety and/or scope of modifications made as provided herein including moving to compel the production of unmodified files.

### 6. Production of Native Documents and Other Special File Types.

Any Native documents, spreadsheets, text messages, databases and other special file types that are not easily converted to images, which are produced in the format described herein, shall be accompanied by a corresponding single page TIFF image placeholder bearing a Bates-number and language stating "No Image Produced For This Document- See Native."

### C. Duplicate Production Not Required.

ESI files need only be produced once. The Producing Party will apply global deduplication to responsive ESI. Email will be de-duplicated by family, not on an individual basis. Therefore, where an exact duplicate document has an attachment, both the document plus the attachment must be duplicative to be exempt from production. Otherwise, any such family must be produced without deduplication of any family member. Additionally, to the extent

reasonably accessible, all custodians of removed duplicates will be listed in an "All Custodians" field and identified by full name of the individual or departmental custodian. Stand-alone documents may be de-duplicated against email attachments provided that the email attachment is the duplicate that is produced and the custodian(s) of the removed duplicate(s) are entered into the All Custodian field. All natives, even de-duplicated versions, will be retained in a format readily accessible to be produced upon request.

### D. Production Media.

The Producing Party shall produce documents on CD–ROM, DVD, external hard drive (with standard PC compatible interface), FTP site, or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Each piece of Production Media shall be labeled with: (1) the party making the production, (2) the date of the production, (3) text referencing the caption and court term and number of this case; (4) the Bates Number range of the materials contained on the Production Media; and (5) any confidentiality designation(s) consistent with the terms of the Protective Order entered in this matter. To maximize the security of information in transit, any Production Media may be encrypted by the Producing Party. In such cases, the Producing Party shall transmit the encryption key or password to the Requesting Party, under separate cover, contemporaneously with sending the encrypted media.

### E. Privilege Logs.

A party withholding documents, or producing documents that contain redactions, based on one or more claims of privilege, shall produce a privilege log. The Party asserting a claim of privilege will describe the nature of the documents or other material withheld in a manner that complies with Federal Rule of Civil Procedure 26(b)(5)(A).

### F. Issues Regarding Production Format.

The Parties agree to meet and confer to the extent reasonably necessary to resolve any issues regarding production format and to facilitate the import and use of the produced materials with commercially available document management or litigation support software.

## V. MISCELLANEOUS PROVISIONS

### A. Rule 502(d) Order and Clawback Agreement.

The parties will be governed by Federal Rule of Evidence 502(d) and request that the Court enter an Order in the form attached hereto as Exhibit A.

### B. Undue Burden

If the forms of production allowed by this protocol present an undue burden or cost for a Producing Party, the Parties agree to meet and confer to agree on a reasonable, alternative

form of production. Any Party may file a motion with the Court to seek individual relief from this ESI Order.

### C.     Costs

Each Party will bear its own costs for ESI discovery.  Any Party may seek cost-shifting at a later time upon a showing of good cause.  The parties reserve the right to seek cost shifting as appropriate at a later time.

### D.     Discoverability

Nothing in this ESI Order shall be construed to affect the discoverability or admissibility of any document or data. All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at the appropriate time.

### E.     Modification

The parties may agree to modify or waive the terms of this ESI Order in writing signed by counsel for the affected parties.

Dated: June 16, 2025

WEINER LAW GROUP LLP

By: /s/ Donald A. Klein
Donald A. Klein, Esq.

dklein@weiner.law

*Attorneys for Plaintiff*

DENTONS US LLP

By: /s/ Erika M. Lopes-McLeman
Erika M. Lopes-McLeman, Esq.

erika.lopes-mcleman@dentons.com

*Attorneys for Defendant*

**IT IS SO ORDERED**

_____

**Hon. Jessica S. Allen**

**United States Magistrate Judge**

**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEANECK BOARD OF EDUCATION,<br><br>Plaintiff,<br><br>v.<br><br><br>THE TRAVELERS COMPANIES, INC.,<br><br>Defendant. | Civil Action No.: 2:25-cv-01737<br><br><br>**[PROPOSED] RULE 502(d) ORDER** |

JESSICA S. ALLEN, United States Magistrate Judge:

      1.      The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

      2.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or other information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**SO ORDERED**

Dated:

 

_____
JESSICA S. ALLEN
United States Magistrate Judge